25-156-cr
*United States v. Sambola*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand twenty-six.

Present:

> GERARD E. LYNCH,
> WILLIAM J. NARDINI,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                   25-156-cr

MANA SAMBOLA, AKA COFFEE

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | JOSHUA ROTHENBERG (Jonathan S. Reiner, *on the brief*), Assistant United States Attorneys, *for* John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Syracuse, NY |
| For Defendant-Appellant: | JAMES P. EGAN, Assistant Federal Public Defender, Syracuse, NY |

Appeal from a judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal of the judgment of the district court is **DISMISSED** as moot.

Defendant-Appellant Mana Sambola appeals from a judgment of the United States District Court for the Northern District of New York entered on January 13, 2025. Sambola pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced primarily to 21 months of imprisonment and three years of supervised release. On appeal, Sambola challenges only his sentence—specifically, only one portion of the district court's calculations under the United States Sentencing Guidelines.

In advance of sentencing, the United States Probation Office prepared a Presentence Investigation Report that recommended a Sentencing Guidelines range of 21 to 27 months of imprisonment, based on an offense level of 15 and a criminal history category of II. In calculating the offense level, the Probation Office applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) on the ground that Sambola had used or possessed a firearm in connection with another felony offense. Sambola challenged that enhancement, arguing that the firearms that formed the basis for his § 922(g)(1) conviction were not connected to another felony within the meaning of § 2K2.1(b)(6)(B). After an evidentiary hearing, the district court credited the majority of a cooperating witness's testimony that Sambola had given the witness narcotics in exchange for the witness's straw purchase of a pistol for Sambola. Based on these factual findings, the district court held that Sambola's possession of the pistol had facilitated "distribution of a controlled substance, straw purchasing a firearm, and making a false statement to a firearms dealer," App'x at 228–29, and that § 2K2.1(b)(6)(B)'s enhancement was therefore applicable. By the time of his

2

sentencing on January 8, 2025, Sambola had already been in custody for 16 months, and he therefore had to serve just under two more months in prison to complete his sentence (accounting for good-time credits). Sambola was released in February 2025, and is currently on supervised release.

On appeal, Sambola renews his challenge to the four-level enhancement under § 2K2.1(b)(6)(B). Sambola acknowledges that he has already served his term of imprisonment. He nevertheless asks this Court to vacate his sentence and remand for plenary resentencing so the district court can determine whether to reduce his three-year term of supervised release "to account for the improper increase to [his] (since completed) prison sentence." Appellant's Br. at 17. The Government, by contrast, argues that Sambola's sentencing appeal is moot. We agree with the Government.

"Article III limits the federal judicial power to cases and controversies." *United States v. Chestnut*, 989 F.3d 222, 224 (2d Cir. 2021).[1] That limitation underpins our mootness jurisprudence, so "when the issues presented are no longer live," it becomes "impossible for a court to grant any effectual relief . . . to the prevailing party," and the case must be dismissed. *Doe v. McDonald*, 128 F.4th 379, 385 (2d Cir. 2025). It is well established that an appeal of a prison sentence is moot when, as here, the sentence has already been completed. *See United States v. Simmons*, 150 F.4th 126, 135 (2d Cir. 2025). Sambola argues that his appeal is not moot because there is "more than a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand the matter." *Chestnut*, 989 F.3d at 225; *see also Simmons*, 150 F.4th at 134–35. We conclude, to the contrary, that the record "does

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

not support any likelihood that the district court would reduce [Sambola's] term of supervised release on remand." *Simmons*, 150 F.4th at 134–35. Accordingly, Sambola's appeal is moot.

The district court's statements at sentencing, explaining why it was ordering Sambola to serve the maximum three-year term of supervised release, strongly suggest that it would not reduce that term on a hypothetical remand. The district court emphasized that upon Sambola's release from imprisonment, it would be important for him to follow all the terms of supervised release "so that we do not see you back here again." App'x at 246. The court noted that it was imposing specific special conditions for purposes of deterrence, public protection, and rehabilitation. It explained that "[t]he special conditions will enable the Probation Office to . . . aid [Sambola] and bring about improvements in his conduct and condition," which had been seriously lacking (as evidenced by his criminal history). *Id*. at 242. The district court's focus on Sambola's rehabilitation and deterrence and on the fact that those purposes would be served by a lengthy period of supervised release strongly indicates that the court would be disinclined to reduce Sambola's term of supervision were we to conclude that it erred in its calculation of the advisory Guidelines range. *Simmons*, 150 F.4th at 135. Reducing Sambola's "term of supervised release as a means of offsetting [any theoretical] excess prison time would disserve the objectives of supervised release" that the district court detailed at sentencing. *United States v. Blackburn*, 461 F.3d 259, 264 (2d Cir. 2006).

"Because the record contains no indication that the district court would reduce [Sambola's] term of supervised release on remand, his sentencing challenges no longer present a live controversy." *Simmons*, 150 F.4th at 135. Therefore, any decision on the merits would "run afoul of Article III's restriction of our power." *Blackburn*, 461 F.3d at 262.

4

We have considered Sambola's remaining arguments and find them unpersuasive. For the foregoing reasons, Sambola's appeal is **DISMISSED** as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk